Weed *v.* Lyon.

## NATHANIEL WEED *et al. v.* JAMES LYON *et al.*

*The right of appeal is a statutory right, and, where a party has failed to comply with the provisions of the statute, within the time prescribed, the Court will not allow a re-entry of the decree to enable him to appeal.*

MOTION to re-enter a decree, to enable the complainants to appeal to the Supreme Court.

A decree was entered March 18th, dismissing the complainants' bill with costs. At the same time, notice was given of an appeal, and, April 25th, application was made to the Chancellor to fix the amount of the appeal bond, which was ordered to be in the sum of $100. On the 28th day of the same month, a bond was prepared and executed, and handed by the complainants' Solicitor to his clerk, with instructions to have it approved and filed; but, owing to the negligence of the clerk, it was not filed with the Register within the ninety days required by the statute.

*G. C. Bates,* in support of the motion.

*H. N. Walker,* contra.

THE CHANCELLOR. The statute regulating appeals from this Court, says, " Such appeal shall be claimed and entered within ninety days from the time of the making of such decree, or final order, and the appellant shall, within the said ninety days, file a bond to the appellee, with sufficient sureties to be approved by the Chancellor," &c. R. S. 379, § 122. The next section is in these words: "If the appeal shall not be entered and such bond be filed within the time above limited, no appeal shall be allowed."

It was conceded on the argument, that the Court has no power to enlarge the time given by the statute for appealing; but it was insisted it has power to permit a re-entry of the decree dismissing the bill, and, in that way, to restore to the complainants what they have lost. The Court may, undoubtedly, allow a decree to be re-entered, on a proper case being made out for that purpose; but it cannot for the purpose of evading or getting round the statute, which is positive, that the appeal shall be claimed and entered, and the bond filed, within ninety days from the making of the decree. The exercise of such a power would, in effect, be claiming for the Court a power to do indirectly what it cannot do directly; nay, more,—a power to resuscitate a lost right, or to reinstate the complainants in what they have lost by their omission to comply with the statute, and not through any fraud or improper conduct of the defendants.

The right of appeal from this Court to the Supreme Court, is a statutory right, given to either party who may be dissatisfied with the decision, on certain conditions, which can no more be dispensed with by a court of equity, than by a court of law, where the right has been lost by an omission to comply with the statute. It is the complainants' misfortune that the appeal bond was not filed within the ninety days; but it is not in the power of the Court, under the circumstances of the case, to give relief. See 2 *Paige R.* 413; 7 *Id.* 245.

Motion denied.